**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| S&S ACTIVEWEAR LLC, | |
| Plaintiff, | No. 25 C 11214 |
| v. | Judge Thomas M. Durkin |
| PROMO HUNT, INC.; ANTHONY WAVERING; and BIDPRESS LLC, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

S&S Activewear LLC alleges that Defendants' accessed and interfered with S&S's website in violation of various federal and state laws, including the Computer Fraud and Abuse Act, the Trade Secrets Act, and the Lanham Act, among others. S&S brings eleven claims in total, including a claim for "trespass to chattels" in violation of Illinois law (Count IV). Defendants have moved to dismiss that claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is granted.

## Background

S&S sells clothes through its website. Defendants offer consumers a "browser extension," which is software that a consumer can download to their computer enabling the consumer to view competing products and prices as they visit a website like S&S's. S&S refers to Defendants' browser extension as the "Price Comparison Tool. S&S alleges that "superimposing the Price Comparison Tool over other content on the S&S Site trespasses on valuable digital real estate that S&S has expended

time, resources, and effort to make aesthetically and functionally appealing to its customers." R. 43 at 1-2. S&S claims that by offering the Price Comparison Tool to consumers who visit S&S's website, Defendants commit trespass to chattels in violation of Illinois law.

## Analysis

The tort of "trespass to chattels" protects possessory interests in personal property. A "trespass to chattels can be committed either by dispossessing another of the chattel or using or intermeddling with a chattel in the possession of another." *Loop Spine & Sports Ctr., Ltd. v. Am. Coll. of Med. Quality, Inc.*, 2023 WL 3585835, at *3 (N.D. Ill. May 22, 2023) (citing Restatement (2d) of the Law of Torts § 217). The key to the tort is "possession." A plaintiff can only state a claim for trespass to chattels regarding property the plaintiff possesses or possessed.

Here, S&S alleges possession of its website and it claims trespass to its website. But the alleged "trespass" is not to any aspect of S&S's website that is in its possession. Rather, S&S alleges that Defendants' Price Comparison Tool alters the appearance of S&S's website in a consumer's web browser on the consumer's computer. *See* R. 43 at 21 (¶ 85) ("[T]he Price Comparison Tool substantially interferes with and impairs the S&S Site's published output."). S&S does not allege that it possesses the consumer's browser or computer. And S&S cites no authority that it possesses, or has any property interest in, the appearance of its website on a third party consumer's browser or computer. Absent such allegations or authority,

S&S cannot plausibly allege a claim for trespass to chattels and that claim must be dismissed.

That parties' briefs focus on whether Illinois recognizes a claim for trespass to "intangible" property. But whether intangible property can be the subject of a trespass to chattels claim assumes that the plaintiff possesses the intangible property. And S&S does not "possess" the "published output" of its website as it appears on a third party consumer's computer. As the Ninth Circuit explained in a similar case, "a website copy"—on a consumer's computer—"is not capable of exclusive possession or control," because "once the website copy is generated and sent to the user's device, *users* have control over what to do with it—whether to click on a link on [the plaintiff's] sites, resize the page, navigate away from the page themselves, or click on one of the links provided in the results." *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 969 (9th Cir. 2024) (emphasis in the original). Based on this reasoning, the Ninth Circuit reversed a district court's denial of a motion to dismiss a trespass to chattels claim under California law. That reasoning is entirely persuasive in this case as well.

To the extent S&S has a property interest in the intangible aspects of its website transmission, those interests are not implicated here. Defendants are not alleged to have intercepted and altered S&S's website transmission such that it was impossible for any consumer to view S&S's website as S&S intended. Rather, Defendants provided a tool that consumers could decide to use to view S&S's website

3

in a way chosen by the consumer once the website transmission was in the consumer's possession. S&S has no property right in the consumer's internet viewing decisions.

Furthermore, the alleged act of "trespass" identified by S&S is an action taken by the consumer, not by the Defendants. The action S&S alleges constitutes "trespass" is the appearance of Defendants' Price Comparison Tool superimposed on S&S's website. But it is the consumer who decides whether to enable the Price Comparison Tool on their computer. To the extent enabling the Price Comparison Tool constitutes a trespass, Defendants aren't the ones committing it.

Therefore, Defendants' motion to dismiss Count IV [46] is granted.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: April 23, 2026

4